IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JACQUELINE M. SAAVEDRA,

        Plaintiff,

vs.                                        CIVIL NO.  08-240 WJ/LFG

J. WAYNE GRIEGO,

        Defendant.

## MEMORANDUM OPINION AND ORDER
## GRANTING DEFENDANT'S MOTION TO PRECLUDE
## TESTIMONY OF CERTAIN WITNESSES

THIS MATTER is before the Court on Defendant J. Wayne Griego's ("Griego") Motion to Preclude Plaintiff From Calling Witnesses Dr. Reuben Sutter, Therapist Lisa Sutter, and Dr. Michael Hollifield [Doc. 92].[1] The motion was filed and served via CM/ECF on November 30, 2009. A response was due no later than December 17, 2009. Plaintiff Jacqueline M. Saavedra ("Saavedra") did not respond to the motion. For the reasons hereafter stated, the motion is GRANTED.

### Procedural Background

On June 27, 2008, the Court established a case management plan intended to bring this case to a conclusion within the time provided in the district's Civil Justice Expense and Delay Reduction Plan. This Plan was established pursuant to the Court's responsibilities under the Civil Justice Reform Act, 28 U.S.C. §§ 471 *et seq.*

Pursuant to Fed. R. Civ. P. 26, each party was required to disclose the witnesses who had discoverable information and on whose testimony that party intended to rely in the prosecution of

---

[1]This motion was filed after the discovery motion filing deadline. However, it could not have been filed earlier, as Griego was unaware that Plaintiff would disclose new witnesses after the deadline.

its claim or defense. Rule 26 (a)(1)(A)(i). So, too, each party was required to disclose the documents on which it intended to rely in the prosecution of its claim or defense. Rule 26 (a)(1)(A)(ii).

Saavedra did not disclose Dr. Reuben Sutter, Lisa Sutter or Dr. Michael Hollifield as witnesses on whose testimony she intended to reply. [Doc. 9, Joint Status Report and Provisional Discovery Plan], nor did Saavedra disclose these individuals as her experts by the August 17, 2009 disclosure deadline. Rule 26 (e) requires a party to supplement initial disclosures. Saavedra failed to supplement disclosures to alert Griego.

To ensure that he was aware of all witnesses Saavedra would present during the trial of this case and the nature of their testimony, and, further, to ensure that he was aware of all expert testimony to be provided, Griego served interrogatories and requests for production, asking for specific information concerning the witnesses who would testify–both lay and expert. In Saavedra's responses to the interrogatories and requests for production, she did not identify Dr. Sutter, therapist Sutter, or Dr. Hollifield as witnesses. Instead, Saavedra simply referred Griego to her initial disclosures.[2]

Griego now seeks an order precluding Saavedra from calling these previously undisclosed witnesses and from allowing proposed expert testimony from any witness who was not disclosed in accord with the requirements of Rule 26 and the Court's own orders.

## **Analysis**

In the decades of the seventies and eighties, the nation's federal courts were faced with a near crisis. Widespread discovery abuses, escalating costs of litigation and resulting delays in the

---

[2]As earlier indicated, none of these witnesses was identified in Saavedra's initial disclosures.

final disposition of cases compelled Congress to take decisive action to curb litigation abuses and significantly advance the just, speedy and economical disposition of cases in the nation's federal courts. Congress adopted the Civil Justice Reform Act and, shortly thereafter, the Federal Rules Committee revised the Federal Rules of Civil Procedure to work hand-in-glove with the CJRA. Both the CJRA and the revised rules were intended to address the dual problems of cost and delay.

The revised rules imposed mandatory and automatic disclosure obligations on the parties. Disclosures are premised on the fact that very basic information is needed by the parties in every case. Without waiting to be asked for information, each party is required to disclose, within fourteen days following the parties' meet-and-confer session, three levels of disclosure. First, Rule 26(a)(1) requires disclosure of the identity and location of witness who have discoverable information and on whose testimony the party may rely in the prosecution of the claim or defense. A plaintiff must also disclose the documents that will be used in the prosecution of the case as well as the damages sought. A defendant, on the other hand, must disclose witnesses, documents and whether there exists a policy of insurance to cover the claims asserted.

Second, Rule 26(a)(2) requires automatic disclosure of expert witnesses, together with disclosure of the expert's detailed report. The report must contain every opinion that will be offered at trial by the expert and an explanation of the basis for each opinion offered. The expert must also disclose significant other information as outlined in the Rule.

The third level of automatic disclosures imposed by the revised rules includes appropriate updates and supplementations. The 1993 Advisory Committee Notes counsel that supplementation of (a)(1) through (a)(3) information "need not be made as each new item of information is learned but should be made at appropriate intervals during the discovery period . . . ." Subdivision (e)(1) requires supplementation if information later acquired would have been subject to the disclosure

requirements. As case preparation continues, a party must supplement its disclosures when it determines that it may use a witness or documents it did not previously intend to use.

The mandatory disclosure obligations were intended to further the salutary purposes of the CJRA. Advance knowledge of an opponent's proof on a claim or defense is an invaluable aid in deciding whether to settle or litigate. If a party is better able to evaluate the strength and weakness of the case, settlement is more likely. On the other hand, if the case is one that must be tried, advance knowledge of the opponent's evidence assists the parties in preparing to meet the proofs at the time of trial. A case can be presented more efficiently, expeditiously and economically, thus fulfilling the purposes of the CJRA.

This is made clear by the Advisory Committee Commentary (1993) to Rule 26(a):

> [T]his subdivision imposes on parties a duty to disclose, without awaiting formal discovery requests, certain basic information that is needed in most cases to prepare for trial or make an informed decision about settlement.

The revised rules eliminate the former process of "trial by ambush" and mandate full disclosure of relevant information necessary to evaluate the case or to prepare for trial at an early stage of proceedings. Thus, the disclosures mandated are consistent with the broad and liberal discovery contemplated under the federal rules. United States v. Procter & Gamble Co., 356 U.S. 677, 682 (1958).

Here, Saavedra simply failed to comply with disclosure obligations under the rule. She did not initially disclose all of her witnesses; she did not supplement her initial disclosures; and, when specifically asked about the identity of other witnesses, rather than respond, she referred Griego to her inadequate initial disclosures. She did not disclose her proposed experts within the time frame required. Discovery is now closed and Griego would be severely prejudiced if Saavedra were

allowed to present evidence from previously undisclosed witnesses or allowed to offer expert testimony from healthcare professionals not earlier disclosed.

While treating physicians are not obligated to serve an expert report, *see* D.N.M.LR-Civ. 26.3(b), they must nevertheless be timely disclosed so that they can be deposed by the opposing party. In Aircraft Gear Corp. v. Kaman Aerospace Corp., 1995 WL 571431 at *1 (N.D. Ill. Sept. 25, 1995), the court stated:

> Anyone who has any familiarity with the 1993 Rule amendment [to expert reports], including familiarity with the Notes of the Advisory Committee on Rules, is well aware that its requirements were geared to provide the opposing party with "a reasonable opportunity to prepare for effective cross-examination" (Committee Notes) and, in accordance with the Rules' fundamental principle of eliminating any vestiges of the "sporting" or "fox hunt" theory of litigation, to provide the opposing party with a comparable opportunity to prepare for examination of the experts via depositions in advance of trial.

Thus, it is not sufficient that Griego now has knowledge of Saavedra's additional witnesses and additional experts. It is far too late. Discovery ended, and Griego has no meaningful opportunity to obtain discovery or defend himself at trial. Griego is entitled to know his opponent's evidence prior to trial, and with discovery now closed, he would be precluded from taking depositions or obtaining relevant documents.

The 1993 Advisory Committee Note to Rule 26 warns litigants, "Revised Rule 37(c)(1) provides an incentive for full disclosure; namely, that a party will not ordinarily be permitted to use on direct examination any expert testimony not so disclosed."

Reopening discovery will not cure problems. In this case, Griego has already retained his experts and conducted expert evaluations without the benefit of any information that Saavedra's experts intend to present. Had Saavedra diligently disclosed the identity of these witnesses, Griego could have taken their depositions well in advance of the Rule 35 independent examination, and

could have used that information as part of the evaluation. If the Court were to allow additional discovery now, it would be forced to reopen expert disclosure deadlines to allow new evaluations and opinions. Each party would, in turn, want to take additional discovery and permit its experts to revise their opinions. All of this would contribute to delay in the ultimate disposition of the case, thwart the Court's case management plan and further delay the disposition of this litigation.

## Conclusion

The Court concludes that Saavedra's failure to timely disclose the existence of witnesses at a time when their depositions could be taken violates the Court's case management plan and Saavedra's responsibilities under the Rules of Procedure. These are, after all, rules of practice, not mere suggestions. Finally, the Court concludes that Griego would suffer unfair prejudice if the Rules were not enforced.

IT IS THEREFORE ORDERED that Griego's motion is GRANTED. Dr. Reuben Sutter, therapist Lisa Sutter and Dr. Michael Hollifield are precluded from testifying in this case.

*Lorenzo F. Garcia*
Lorenzo F. Garcia
United States Magistrate Judge