IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JACQUELINE M. SAAVEDRA,

                 Plaintiff,

     vs.                                      CIVIL NO.  08-240 WJ/LFG

J. WAYNE GRIEGO,

                 Defendant.

## ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION

THIS MATTER is before the Court on Jacqueline M. Saavedra's ("Saavedra") Motion to Reconsider [Doc. 101].  Defendant J. Wayne Griego ("Griego") filed his response in opposition on January 4, 2010 [Doc. 106]; Saavedra's reply was due no later than January 22, 2010.  Saavedra did not reply, and, therefore, did not contest the factual assertions contained in Griego's response.

### Background

On December 18, 2009, the Court issued a Memorandum Opinion and Order granting Griego's motion to preclude testimony of three of Saavedra's witnesses [Doc. 96].  Griego's motion was granted because Saavedra did not disclose her witnesses as required by Fed. R. Civ. P. 26(a)(1)(A)(i) in her initial disclosures, nor did she supplement those disclosures as required by Rule 26(e).  She did not disclose her expert witnesses on August 17, 2009, as required by the Court's most recent Scheduling Order [Doc. 55]; she did not disclose the identity of the witnesses in her written discovery; and she did not supplement her discovery responses.

During Saavedra's deposition, Defendant learned Saavedra was being treated by three undisclosed healthcare professionals who would be called in the prosecution of her case.  Griego

filed his motion to preclude the testimony of these witnesses due to Saavedra's violations of her discovery obligations under Rule 26 and failure to comply with the Court's disclosure obligations as set out in the current scheduling order.[1]  He asserted that the Court should not permit repeated violations of the rules of civil procedure and the Court's orders and directives.  Griego further argued that he was prejudiced in the preparation of the defense because Saavedra's failure to disclose these key witnesses affected his defense strategy.  He contended, for example, that the sequence of discovery would have proceeded differently, and he would have taken the depositions of these witnesses early on.  Moreover, Saavedra's failure to timely disclose the experts affected Griego's choice of his expert, and even the expert's discipline.  Had Saavedra properly and timely supplied the required disclosures as to what these witnesses would state, along with the basis for their opinions, Griego's expert would have had that information to use in his expert report.

Saavedra's response to the motion to preclude testimony was due by December 17, 2009, but no response was filed as of that date.[2]  The failure to file a response in opposition generally constitutes consent to grant the motions.  D.N.M.LR-Civ. 7.1(b).  However, on December 18, 2009, the day the Court issued its Memorandum Opinion and Order granting Griego's motion, Saavedra filed a tardy response to the motion, together with her current Motion to Reconsider, without Court authorization for an out-of-time pleading.

### Motion to Reconsider

For more than twenty years, the Tenth Circuit Court of Appeals has advised counsel that the

---

[1]The Court's scheduling order required disclosure of all expert witnesses by a date certain, even if the experts were not required to produce expert reports.

[2]In her motion to reconsider, counsel for Saavedra states her legal assistant calculated that her response was due December 20, 2009 (Sunday). [Doc. 101, p. 2.] It matters not whether counsel's legal assistant made a mistake; it is counsel's responsibility to ensure deadlines are met.

Federal Rules of Civil Procedure do not expressly recognize motions for reconsideration.  Warren v. American Bankers Ins. of Fl., 507 F.3d 1239, 1243 (10th Cir. 2007); Wilson v. Al McCord Inc., 858 F.2d 1469, 1478 (10th Cir.1988).  However, a district court has inherent power to reconsider its interlocutory rulings.  Warren, 507 F.3d at 1243.  Thus, courts typically construe a motion to reconsider in one of two ways: "(1) under Fed. R. Civ. P. 59 as a motion for a new trial or to alter or amend the judgment, if filed before or within ten days following entry of the judgment, or (2) under Fed. R. Civ. P. 60 as a motion for relief from judgment, if filed subsequent to the ten day period."  Id. at 1243-44.

Here, Saavedra's motion to reconsider was filed within ten days of the Court's December 18, 2009 Order that she seeks to challenge.  Indeed, the motion to reconsider was filed later the same day the Order was entered.  Thus, the Court analyzes the motion to reconsider as one brought under Rule 59.

Rule 59 motions should not be used to allow litigants an opportunity to reargue matters already presented to the Court where the motion merely advances new arguments or factual grounds that were present when the original pleadings were filed.  S.E.C. v. 4NExchange, 2005 WL 1518838, at *2 (10th Cir. Jun. 28, 2005) (citing Servants of Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir. 2000)).  Stated differently, Rule 59 motions are designed to permit relief in extraordinary circumstances and not to offer a "second bite at the proverbial apple." Syntroleum Corp. v. Fletcher Int'l, Ltd., No. 08-CV-384-JHP-FHM, 2009 WL 761322, at *1 (N.D. Okla. Mar. 19, 2009) (internal citation omitted).  See also Sequa Corp. v. GBJ Corp., 156 F.3d 136, 144 (2d Cir. 1998).

In Servants of the Paraclete, the Tenth Circuit set out the circumstances in which a motion to reconsider is proper.  These include "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest

injustice." Id. at 1012.  In other words, when the court has "misapprehended the facts, a party's position, or the controlling law," a motion to reconsider is appropriate.  Id.  *See also* Syntroleum Corp., 2009 WL 761322, at *1.  In Steven Baicker-McKee, William M. Janssen & John B. Corr Federal Civil Rules Handbook 1137 (2010 ed.), the authors further explain:

> Motions for "reconsideration" will not be granted absent "highly unusual circumstances" [*see* McDowell v. Calderon, 197 F.3d 1253, 1255 (9th Cir. 1999).  *See also* U.S. ex rel. Becker v. Westinghouse Savannah River Co., 305 F.3d 284, 290 (4th Cir. 2002)(simple disagreement with court's ruling will not support Rule 59(e) relief.)]

Saavedra does not argue that there was any intervening change in the law that would require the Court to reconsider its ruling.  She does not argue the existence of new evidence that was not previously available.  Nor, for that matter, does she assert that the Court committed clear legal error.  At most, Saavedra's motion to reconsider might be construed to argue that manifest injustice will result if the Court strikes the three witnesses because, without their testimony and records, Saavedra will not be able to prove damages in the event she establishes liability. [Doc. 101, p. 2.]

Saavedra's Motion to Reconsider focuses on her failure to respond to Griego's motion to preclude testimony and sets out personal and office-related reasons that caused her lack of a response to the motion.  She offers no explanation, however, to the other multiple failings related to Rule 26 or discovery obligations.

Saavedra contends that this is not a situation where, at the last minute, she sprang new witnesses on Griego, who had no opportunity to discover the evidence.  Rather, Saavedra argues that Griego learned of the existence of these witnesses in time to take their depositions and all have since been deposed, and their medical records obtained.  Thus, the severe prejudice normally encountered in a situation where a party fails to disclose is not entirely present here.  Saavedra also argues that Griego's expert has sufficient time to review the underlying records and testimony of the witnesses

and to prepare a supplementary report.  Saavedra concludes, therefore, that the Court can fashion a remedy to allow her witnesses to be called without penalizing Griego.

Because Saavedra failed to file a reply in support of the motion to reconsider, she does not challenge Griego's argument that his entire trial strategy has been altered because he was unaware of the existence of these witnesses, that he would have proceeded with his discovery in a different sequence, or that he would have utilized a different kind of expert.

The Court agrees that a remedy could be fashioned to allow Saavedra to present her damage witnesses.  The fact that a remedy could be fashioned, however, begs the question as to whether such a remedy should be permitted.  In other words, why should the Court reward a party who violated the rules of procedure; who violated discovery obligations; who failed to supplement disclosures and who failed to respond to motions?

The rules of procedure exist to ensure that parties are able to quickly, efficiently and inexpensively bring disputes to a forum where they can be determined on the merits.  The rules contemplate an early and free exchange of information.  They are to be construed to promote broad discovery so as to allow the parties to learn, to the fullest practicable extent, each other's evidence. United States v. Procter & Gamble Co., 356 U.S. 677, 682 (1958).  This allows the parties to carefully evaluate the strengths and weaknesses of a case, promotes settlement, and if the dispute cannot be settled, to better be prepared to meet the proofs at the time of trial.

Permitting a recalcitrant party to avoid obligations imposed by the rules of procedure and by the Court's orders and directives rewards improper conduct at the expense of the more diligent party. Too often judges merely scold a party who, as here, skirted obligations imposed by the rules, but, then, allow the violations to go unsanctioned.  Thus, the violator accrues a benefit while the diligent party is penalized.  This is simply unfair.

5

United Nuclear Corp. v. General Atomic Co., 96 N.M. 155, 242 (1980), is New Mexico's seminal case on the consequences of non-compliance with discovery obligations.  Although this case involved a multi-national uranium cartel and over a billion dollars in claimed damages, the court issued a default judgment against a party who failed to comply with discovery obligations where the failure served to obstruct the orderly, efficient and expeditious processing of a case.  In justifying its ruling, the court stated:

> The rules of discovery are as equally applicable to cases involving large sums as they are to small; and the obligation to comply with those rules in good faith and to obey the orders of the court is no less incumbent on the largest company than it is on the poorest citizen. Any contrary rule, or any special considerations in a billion dollar case, would be inimical to the most fundamental postulate of our legal system-that before the law, all stand equal.

Such is the situation here.  All parties should be on equal footing; all parties are required to comply with the rules of procedure; and all parties should be bound by the orders and directives of the Court.  Overlooking Saavedra's obligations where enforcement of the rules affects her case harshly would mean some parties to this litigation are required to obey the rules of procedure and others are not.  It means that before this Court, not all parties are equal.

The Court determines that the motion for reconsideration is not well-taken and is, therefore, denied.

IT IS SO ORDERED.

*Lorenzo F. Garcia*

Lorenzo F. Garcia
United States Magistrate Judge

6