**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

JACQUELINE M. SAAVEDRA,

    Plaintiff,

vs.                                           No. 08 CV 240-WJ/LFG

J. WAYNE GRIEGO,

    Defendant.

**MEMORANDUM OPINION AND ORDER GRANTING IN PART DEFENDANT'S MOTION FOR FEES AND COSTS**[1]

THIS MATTER comes before the Court upon Defendant's Motion for Fees Pursuant to 28 U.S.C. § 1927 and Costs Pursuant to Rule 54, filed April 27, 2010 (**Doc. 129**). Having considered the parties' briefs and the applicable law, I find that Defendant's motion is well-taken as to the basis for the request for fees; however, the Court shall award only a portion of the amount requested.

**Background**

This is an employment law case which was dismissed on summary judgment (Doc. 127). Plaintiff's response to Defendant's summary judgment motion was stricken, and Plaintiff was given another opportunity to respond, which he failed to do.[2] The Court held a hearing on the motion, allowing Plaintiff to respond orally to the motion. At the hearing, counsel for Plaintiff

---

[1] The Court will address only the matter of Defendant's request for fees in this Order. The Clerk of Court will assess costs requested pursuant to Fed.R.Civ.P. 54(d)(1) in a separate Order.

[2] The details regarding the procedural history of this case can be found in the Court's Memorandum Opinion and Order granting summary judgment.

asked the Court to refrain from granting summary judgment as a sanction, arguing that a lesser sanction would be appropriate and that Plaintiff should not be penalized for counsel's oversight in failing to respond to Defendant's motion. Doc. 127 at 3. After hearing counsel's arguments and considering the evidence in the record, the Court concluded that Plaintiff did not come forth with sufficient evidence to create a dispute of fact. The Court also noted that:

> . . . the Court's granting of summary judgment in this case is not entered solely as a sanction for Plaintiff's counsel's failure to respond to the summary judgment motion, but also because counsel failed to present any evidence at all to dispute the evidence which supports Defendant's statements of fact – even when afforded yet another chance by the Court at the hearing.

Doc. 127 at 4. The Court entered final judgment on April 13, 2010 (Doc. 128).

## Discussion

Defendant seeks attorney fees pursuant to 28 U.S.C. § 1927, on the basis that Plaintiff failed to respond to four dispositive motions, causing Defendant to spend considerable time and resources drafting the motions and conducting depositions. Defendant seeks fees in connection with those four motions:

1. On November 30, 2009, Defendant filed a Motion to Preclude Plaintiff from calling Dr. Ruben Sutter, Lisa Sutter, and Dr. Michael Hollifield at trial. *See Doc. 92.* Plaintiff failed to respond by the deadline, nor did Plaintiff request an enlargement of time prior to the expiration of time to file a response. The Court granted Defendant's motion. Doc. 96. Plaintiff subsequently filed a motion to reconsider (Doc. 101), which the Court denied. Doc. 119.

2. On November 30, 2009, Defendant filed a motion to strike Plaintiff's expert, treating physician Dr. Dana Peterson. Doc. 93. Plaintiff failed to respond to the motion. The Court granted Defendant's motion on March 9, 2010, noting Plaintiff's failure to file a

response in opposition. *See Document 123* [3]

3. Defendant filed his Motion for Summary Judgment on December 4, 2009. Doc. 95. After receiving over three weeks as an enlargement of time, Plaintiff filed a response that did not comport with her obligations under the Federal Rules of Civil Procedure. On March 2, 2010, the Court granted Defendant's request to strike Plaintiff's summary judgment response brief and exhibits due to Plaintiff's failure to comply with the Federal Rules of Civil Procedure. Doc. 122.[4] In that March 2nd Order, the Court allowed Plaintiff an additional opportunity to file a response until March 26, 2010; however, Plaintiff's counsel failed to do so. On April 7, 2010, this Court heard oral argument on Defendant's Motion for Summary Judgment, at which time Plaintiff's counsel was allowed to respond orally to the motion on the merits. On April 13, 2010, the Court entered an Order granting Defendant's motion. Doc. 127.

**I.   Legal Standard**

28 U.S.C. § 1927 provides that "[a]ny attorney. . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." Sanctions are appropriate when an attorney acts recklessly or with indifference to the law; is cavalier or bent on misleading the court; intentionally acts without a plausible basis; or when the

---

[3] Defense counsel states that all four motions were granted on the merits. Doc. 129, ¶ 27. However, the Court granted Defendant's Motion to Strike Dr. Peterson (Doc. 93) on the basis of Plaintiff's failure to respond.

[4] Defendant lists separately his motion for summary judgment and motion to strike. The Court has listed them together, since both motions concern pleadings associated with the motion for summary judgment.

entire course of the proceedings is unwarranted. *Steinert v. Winn Group, Inc.*, 440 F.3d 1214, 1221 (10th Cir.2006).

Plaintiff's counsel responds by setting forth the particular difficulties she confronted in obtaining discovery from, and scheduling depositions with, the various healthcare providers relevant to the motions filed by Defendants. While the Court appreciates that Plaintiff may have had some basis for the delays in responding, there is no explanation for why Plaintiff never timely requested enlargements of time for these responses. The failures to respond appear to be due to counsel's neglect rather than to circumstances outside of her control. In the case of her failure to respond to Defendant's summary judgment motion, for example, counsel informed the Court that she did not read the Court's March 2, 2010 Order carefully enough to know that the Court was allowing her another opportunity to respond. Doc. 126 (Clerk's Min.) at 1. By way of attenuating her oversights in responding to Defendant's motions, Plaintiff's counsel notes that she has been cooperative with defense counsel in any reasonable requests, and also notes that she has tried to work out any issues with opposing counsel instead of bringing them to the Court's attention. The general theme of the response is that Plaintiff's counsel feels as though she has not received the same courtesy from defense counsel and the movant of the instant motion.

I have reviewed the circumstances of the individual motions which serve as the basis for Defendant's request for sanctions, and conclude that there is some merit to the request, but not enough to warrant awarding Defendant the total amount of fees, which is $14,686.50. I find that pleadings in a case are unnecessarily multiplied when counsel repeatedly fails to respond to motions, especially when the motions are of a dispositive nature. Plaintiff's counsel contends that Defendant was not prejudiced by the former's inactivity because the testimony of the healthcare providers would have been damaging to Defendant. The Court does not agree with

4

this notion.  By virtue of being sued in a civil lawsuit, a defendant is "prejudiced" to some degree in that he is now required to defend against the lawsuit, which includes filing certain dispositive motions.  Having to also file motions simply because the plaintiff has not responded, and having to do this repeatedly, is indeed "vexatious" under § 1927.

However, Defendant has obtained summary judgment on all of Plaintiff's claims in this action.  While the Court dismissed the case on the merits, the failure of Plaintiff's counsel to present substantive evidence probably relates to the same lack of diligence which was the cause of her failure to respond to Defendant's motions.  In that way, dismissal of this case "sanctioned" Plaintiff significantly.  Further, the Court is not prepared to find that the entire course of proceedings in this case was unwarranted, or that Plaintiff's counsel was "cavalier" or "bent on misleading the court."  Thus, the Court will allow some reimbursement of attorney fees under § 1927.[5]

In order to determine an amount of attorney fees, including those awarded as a sanctions, courts generally use the "lodestar," or "reasonable fee" method of calculation, which is calculated by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate.  *View Engineering, Inc. v. Robotic Vision Systems, Inc.*, 208 F.3d 981, 987 n.7 (Fed.Cir. 2000); *see also, Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Ramos v. Lamm*, 713 F.2d 546, 552 (10th Cir. 1983).  The "lodestar" amount may then be adjusted upward

---

[5] While the sanctions imposed herein are based on 28 U.S.C. § 1927, I note that the Court may also use its inherent power under *Chambers v. NASCO, Inc.*, 501 U.S. 32 (1991), to impose sanctions against Defendant and its legal counsel *sua sponte* for engaging in bad faith conduct amounting to litigation abuse. *Chambers*, 501 U.S. at 43 ("A federal court has the power to control admission to its bar and to discipline attorneys who appear before it."); *see also LaFleur v. Teen Help*, 342 F.3d 1145, 1149 (10th Cir. 2003).  In this case, I find that the sanctions imposed would be appropriate under the Court's inherent authority as well.

or downward, depending on the degree of success obtained. *Hensley*, 461 U.S. at 435-356, quoted in *Metz v.*

 *Merrill Lynch, Pierce, Fenner & Smith, Inc*., 39 F.3d 1482, 1493 (10th Cir. 1994).

The Court does not see an hourly rate listed for Ms. Torres' legal services in her Affidavit. Ex. A. However, according to the Court's calculation of the time spent and time charged, Ms. Torres' hourly rate is $150.00, which is very reasonable. Another attorney's time is listed on the timesheets (Ex. B) as well, designated by the initials "AMW" and whose hourly rate appears to be $90.00 (again, by the Court's calculation). I also find this to be a reasonable rate. The Court finds Defendant's request for fees associated with the following motions to be reasonable:

$2773.50	Fees Associated with Motion to Preclude Plaintiff from calling Drs. Ruben Sutter, Lisa Sutter and Dr. Michael Hollifield at Trial (Doc. 92);

$ 840.00	Fees Associated with Preparing Response (Doc. 106) to Plaintiff's Motion to Reconsider (Doc. 101);

$1444.50	Fees Associated with Motion to Strike Dr. Peterson (Doc. 93);

$ 639.00	Fees Associated with Preparing Motion to Strike Plaintiff's Summary Judgment Exhibits (Doc. 117);

The total fees associated with the motions listed above are $5697.00. Due to the mitigating circumstances detailed above, and the fact that this Court does not believe that Plaintiff's counsel was intentionally refusing to respond to Defendant's Motions, the Court finds in its discretion that it is reasonable to award Defendant half of these requested fees. Accordingly, this Court awards Defendant $2848.50 in fees.

**THEREFORE,**

**IT IS ORDERED** that Defendant's Motion for Fees Pursuant to 28 U.S.C. § 1927 and Costs Pursuant to Rule 54 **(Doc. 129)** is hereby GRANTED IN PART and DENIED IN PART in that Plaintiff's counsel is ordered to pay $2848.50 to defense counsel as reasonable expenses associated with Plaintiff's failure to respond to Defendant's motions.

_____
UNITED STATES DISTRICT JUDGE